IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROMELL C. STEVENS, #10572-025,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 22-cv-01951-JPG |
| | ) |
| **BENNY VICK,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

**GILBERT, District Judge:**

This matter is before the Court on a motion to set aside default filed by Defendant Marilyn Ann Reynolds (Doc. 42). Waivers of service of summons were sent to Reynolds on February 3, 2023 (Doc. 12), March 30, 2023 (Docs. 20 and 21), and April 24, 2023 (Doc. 24). When the defendant did not execute and return them, summons was issued on June 8, 2023 (Doc. 27). Reynolds was "served" with this lawsuit on October 27, 2023, and her answer was due no later than November 17, 2023 (Docs. 34 and 35). When Reynolds did not file an answer by this deadline, the Court directed the Clerk to enter default on December 13, 2023 (Doc. 39). Counsel for Reynolds filed a notice of appearance and a motion to set aside default two days later on December 15, 2023 (Docs. 41 and 42).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). According to the motion to set aside default, Reynolds was not actually served with this lawsuit (*see* Doc. 42). Paulette Strup of Health Professionals, LTD., accepted service on her behalf. However, Reynolds was not employed by Health Professionals,

LTD., during the relevant time period in the Complaint (2020-21), and Strup lacked authority to accept service for her.  For this reason, Reynolds asks the Court to set aside the default and accept her answer and affirmative defenses, filed contemporaneously with the motion.  *Id*.

Reynolds has shown good cause for the default and taken prompt action to address the entry of default.  In addition, she purports to have a meritorious defense to the claim(s) brought against her.  Under the circumstances, the Court finds that good cause exists for setting aside the default.  Reynolds' motion to set aside default (Doc. 42) is **GRANTED**.  The Clerk's entry of default (Doc. 39), **as to Marilyn Ann Reynolds**, is **VACATED**.  Reynolds' Answer to the Complaint is already on file (*see* Doc. 40).

**IT IS SO ORDERED.**

**DATED: 12/19/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
